A90A1577. IN THE INTEREST OF J. D. W., a child.
(397 SE2d 483)

DEEN, Presiding Judge.

Appellant, thirteen years old at the time of the offenses alleged, was found to have committed rape, aggravated sodomy, and statutory rape upon a thirteen-year-old girl who was babysitting with his infant brother. The victim, out of embarrassment, did not report the incident until some five weeks after its occurrence. She then told friends whom she had sworn to secrecy and subsequently told a teacher and a school counselor, who reported the matter to police. She was examined by an experienced gynecologist, who made physical findings consistent with nonconsensual intercourse.

At trial appellant testified that some of the alleged sexual activities had occurred but that they were consensual. The court found the evidence sufficient to sustain the criminal allegations, and a pre-disposition investigation was ordered. Appellant was subsequently committed to the Department of Human Resources, Division of Youth Services, with the recommendation that he be placed in the Community Treatment Center Program. On appeal J. D. W. enumerates as error the trial court's refusal to consider the State's alleged failure to present material evidence. *Held*:

Review of the trial transcript reveals that the State objected when, on closing argument, defense counsel alluded to "the things that are left unsaid" and speculated as to what the school counselor and the female police officer who took the victim's statement might have testified — the implication being that the State had not called these persons for fear their testimony would have been exculpatory. The trial court sustained the objection and admonished defense counsel that such speculation was inappropriate.

Further scrutiny of the transcript reveals that the counselor, one of the persons named in the challenged portion of defendants' argument, had in fact testified and been cross-examined during the trial regarding appellant's academic status and had been available for further questioning had such been desired. According to the record there was nothing to prevent defense counsel's having subpoenaed either the counselor or the female police officer, or any other witnesses whom he might deem to possess exculpatory information. OCGA § 17-7-191.

The record clearly indicates both that sufficient competent evidence was set forth to authorize a finding that appellant was guilty as charged, and that defense counsel was in no way prevented from presenting evidence in attempted rebuttal of that adduced by the State. Appellant's enumeration of error is without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 20, 1990.

*Ronnie K. Batchelor*, for appellant.
*Phyllis Miller, Solicitor*, for appellee.